**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER GARCIA, <br><br> Plaintiff, <br><br> -against- <br><br><br> DEZBA ASSET RECOVERY, INC., and CAPITAL ONE AUTO FINANCE, INC., <br><br> Defendants. | Civil Case Number: <br><br><br> **CIVIL ACTION** <br> **COMPLAINT** <br> **AND** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff CHRISTOPHER GARCIA (hereinafter, "Plaintiff"), a New York resident, brings this complaint by and through the undersigned attorneys, Marcus & Zelman, LLC, against Defendant DEZBA ASSET RECOVERY, INC., and CAPITAL ONE AUTO FINANCE (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally repossessed his vehicle even though he was not behind on his payments, thereby violating the New York GBL and the NY UCC.  Plaintiff also brings a claim against Dezba Asset Recovery, Inc. for illegally repossessing his vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4.  Plaintiff is seeking statutory damages and actual damages, as well as attorneys fees and costs.

## PARTIES

5.  Plaintiff is a natural person and a resident of Yonkers, New York and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6.  Defendant Dezba Asset Recovery, Inc., (hereinafter referred to as "Dezba"), is a repossession company, with its principal place of business in Haverhill, Massachusetts.

7.  Upon information and belief, Defendant Dezba is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8.  In fact, Dezba's website proudly boasts that "Dezba Asset Recovery, Inc. is a bonded, licensed and insured New York repossession company has been serving lenders since 2003. We have become one of the largest repossessions companies in the tri-state area."[1]

9.  Defendant Dezba is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. Defendant Capital One Auto Finance, Inc. ("Capital One") is an automobile financing company with its headquarters in Plano, Texas.

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

14. The Plaintiff owns a 2018 Dodge Challenger, which was financed with a loan through

---

[1]  https://www.autorecoveryandtransport.com/auto/Dezba-Asset-Recovery, last visited on February 28, 2022.

Capital One.

15. The Plaintiff purchased and used the Dodge Challenger for his personal use and enjoyment.

16. The Capital One loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

17. Sometime prior to January 7, 2022, the Plaintiff fell behind on his obligations to Capital One.

18. On January 7, 2022, Plaintiff called Capital One and explained that he had experienced a loss of income due to the pandemic.

19. At that time, the Capital One representative advised the Plaintiff that he qualified for a new loan program for the next six months, and that all he had to do was to make a good faith payment prior to January 16, 2022.

20. Plaintiff then made his good faith payment on January 14, 2022, before Capital One's deadline.

21. Nevertheless, Capital One apparently still contracted with Defendant Dezba to repossess the Plaintiff's vehicle.

22. At approximately 2:30 a.m. on February 7, 2022, the Plaintiff saw the Defendant's tow truck attempting to tow his vehicle.

23. Plaintiff then went outside his home, and confronted the person moving his vehicle, who – at that point – was attempting to secure the Plaintiff's vehicle for the trip to the repo yard.

24. The Plaintiff advised the individual – identified as an employee of Dezba – that he should not be repossessing the Plaintiff's vehicle because the Plaintiff had entered into an agreement with Capital One and timely made his good faith payment as agreed.

25. Dezba's employee nevertheless refused to release the vehicle and continued with the repossession.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
**15 U.S.C. §1692f *et seq.***
**(Against Dezba)**

26. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

27. Plaintiff brings this Count against Defendant Dezba.

28. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

29. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> (A)   there is no present right to possession of the property claimed as collateral through an enforceable security interest; or
>
> (C)   the property is exempt by law from such dispossession or disablement.

30. At the time of the repossession, the Defendants did not have a present right to possession of the Plaintiff's vehicle, and the property was clearly exempt by law from repossession.

31. Plaintiff had made his good faith payment as required by his agreement with Capital One, and was not in default of that agreement.

32. Moreover, Defendant breached the peace by continuing with the repossession even in the face of Plaintiff's protests to release the vehicle since he had made his payment to Capital One.

33. Under New York law, a secured creditor may only engage in a non-judicial repossession if it can be accomplished without a breach of the peace.

34. As a result, once the Defendant breached the peace, the Defendants did not have the present right to possession of the Plaintiff's vehicle and was prohibited from repossessing it.

35. Moreover, after breaching the peace, Plaintiff's vehicle was clearly exempt from repossession or disablement.

36. As a result, the Defendant violated 15 USC § 1692f(6) when it repossessed the Plaintiff's vehicle on February 7, 2022.

37. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

38. Defendants' illegal activity also deprived the Plaintiff of the use of his vehicle, which he has not yet recovered, and harmed the Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, and by causing the Plaintiff to lose clients and business opportunities as he no longer has a means of transportation.

39. By reason thereof, Defendant Dezba is liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

**UNLAWFUL REPOSSESSION**
**NY UCC, § 9-609 *et seq.***
**(Against All Defendants)**

40. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

41. New York only permits self-help repossession of consumer motor vehicles only after default, and only where possession can be obtained without breach of the peace. N.Y. U.C.C. Law § 9-609.

42. Defendants violated the law when they repossessed the Plaintiff's vehicle even though he had made his good faith payment in accordance with the Defendant's directive, and was therefore not in default of his loan.

43. Defendants further breached the peace when it continued to repossess the vehicle after Plaintiff objected to the vehicle's seizure and advised that he had an agreement in place with Capital One.

44. A secured creditor's duty to repossess without breach of the peace is non delegable, and it is liable even if the peace is breached by an independent contractor. *Mauro v. Gen. Motors Acceptance Corp.,* 164 Misc. 2d 871, 875–76, 626 N.Y.S.2d 374, 376–77 (Sup. Ct. 1995).

45. As such, Dezba's breach of the peace is imputed upon Capital One Auto Finance, Inc.

46. By illegally repossessing the Plaintiff's vehicle in violation of the UCC, Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

47. Defendants' illegal activity also deprived the Plaintiff of the use of his vehicle, which he has not yet recovered, and harmed the Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, and by causing the Plaintiff to lose clients and business opportunities as he no longer has a means of transportation.

## COUNT III

### UNFAIR AND DECEPTIVE PRACTICES IN TRADE OR COMMERCE
### NY GBL § 349, *et seq.*
### (Against All Defendants)

48. Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

49. Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

50. Defendants' violations of § 349(a) of the NY GBL, include, but are not limited to, attempting to repossess the motor vehicle in a manner that breached the peace and repossessing a vehicle even after the Plaintiff made the required good faith payment and accordingly complied with his obligations on his loan.

51. Defendants' violations of § 349(a) of the NY GBL render them liable for statutory damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

52. By illegally repossessing the Plaintiff's vehicle, Defendants harmed the Plaintiff by depriving the Plaintiff of the use of his vehicle, which he has not yet recovered, and harmed the Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, and by causing the Plaintiff to lose clients and business opportunities as he no longer has a means of transportation.

## COUNT IV

### CONVERSION
### (Against All Defendants)

53. Plaintiffs repeat, reiterate and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. As set forth above, each of the Defendants wrongfully repossessed the Plaintiff's vehicle

even though he had made his good faith payment in accordance with the Defendant's directive, and was therefore not in default of his loan and instead entitled to the present use of his own vehicle.

55. The Defendants then held – and continue to hold – Plaintiff's vehicle, thereby exercising control over the Plaintiff's property.

56. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff, by literally stealing and holding his vehicle for weeks.

57. Defendants' illegal activity also harmed Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, and by causing the Plaintiff to lose clients and business opportunities because he no longer has a vehicle.

58. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' wrongfully converted the Plaintiff's vehicle, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

59. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

      (a)     awarding Plaintiff his actual damages incurred, as well as punitive damages;

      (b)     awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff such other and further relief as this Court

may deem just and proper.

Dated: March 2, 2022                              /s/ Yitzchak Zelman
                                                  Yitzchak Zelman, Esq.
                                                  MARCUS & ZELMAN, LLC
                                                  701 Cookman Avenue, Suite 300
                                                  Asbury Park, New Jersey 07712
                                                  (732) 695-3282 telephone
                                                  (732) 298-6256 facsimile
                                                  *Attorney for Plaintiff*

9