McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
Tel 412.667.6000
Fax 412.667.6050
www.mcguirewoods.com

Blaec C. Croft
Direct: 412.667.6057

**McGUIREWOODS**

bcroft@mcguirewoods.com

April 18, 2022

**Via ECF to the Court / Via Email to Plaintiff's Counsel**
Honorable Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

>   Re:   *Garcia v. Dezba Asset Recovery, Inc., et al.*
>         **Case No. 7:22-cv-01736 (KMK)**
>         *Pre-Motion Letter – Motion to Dismiss*

Your Honor:

In accordance with Your Honor's Individual Practice Rules, Defendant Capital One Auto Finance, a division of Capital One, N.A. ("Capital One"), erroneously named herein as "Capital One Auto Finance, Inc.," respectfully submits this pre-motion letter requesting dismissal of all claims in Plaintiff Christopher Garcia's ("Plaintiff") Complaint. Capital One understands that the filing of this letter stays it's time to answer or otherwise respond to the Complaint until further order of the Court.

### I.   Factual Background and Allegations[1]

Plaintiff brings claims against Capital One for: (1) unlawful repossession of a 2018 Dodge Challenger (the "Vehicle"), the purchase which he financed through Capital One pursuant to a Retail Installment Sale Contract ("RISC"), in violation of NY U.C.C. § 9-609; (2) unfair and deceptive trade practices in violation of New York General Business Law ("GBL") § 349(a); and (3) conversion. ECF No. 1. Plaintiff also asserts a claim for violation of the Fair Debt Collection Practices Act ("FDCPA") against Dezba Asset Recovery ("DAR"). *Id*. Plaintiff alleges two theories of recovery against Capital One. First, Plaintiff contends that Capital One lacked the present right to repossess the Vehicle because the terms of the RISC were modified when he allegedly made a good faith payment after he defaulted. ECF No. 1 ¶¶ 14, 17-20. Plaintiff alleges that because the RISC was modified, he was not in default and Capital One lacked a present right to take possession of the vehicle. ECF No. 1. Second, Plaintiff contends that DAR breached the peace while repossessing the Vehicle, and Capital One is liable for that breach of peace. ECF No. 1 ¶¶ 22-25. In support of this claim, Plaintiff alleges only that he advised the DAR employee

---

[1] This letter only summarizes the factual allegations in the Complaint. Capital One does not concede, and in some instances expressly denies, the truth of those allegations.

that he should not be repossessing the Vehicle because there was an agreement with Capital One and that DAR completed the repossession.

## II.     Legal Standard.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court must accept all allegations as true, this is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Plaintiff's Complaint fails to meet the applicable pleading standards.

### A.     Claims Based On The Alleged Modification Of The RISC Must Be Dismissed Because Plaintiff Does Not Allege The Existence Of A Signed Written Agreement.

Pursuant to N.Y. Gen. Oblig. Law § 15-301(1) (emphasis added), "[a] written agreement…which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement **unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought**…." The New York Statute of Frauds similarly provides that an agreement that is not to be performed within one year must be in writing and subscribed by the party to be charged therewith to be valid. N.Y. Gen. Oblig. Law § 5-701(a)(1). The affirmative defense of the statute of frauds is appropriately raised on a motion to dismiss. *Reives v. Lumpkin*, No. 08-cv-7797, 2012 WL 2045854, at *8 (S.D.N.Y. June 4, 2012).

Plaintiff alleges the existence of a contract with Capital One for his purchase of the Vehicle. ECF No. 1 ¶ 14.[2] The terms of the RISC called for Plaintiff to make 72 payments of $525.26 starting on October 30, 2020. Exh. A at 1. Further, the RISC states: "**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. **Any change to this contract must be in writing and we must sign it. No oral changes are binding.**" *Id*. at 2 (emphasis added). Plaintiff signed his acknowledgment to this term. *Id*. The RISC falls within the statute of frauds as by its terms it could not be completed within one year. The RISC requires any modification to be in writing and disclaims any oral changes.

Plaintiff does not allege the existence of a signed written agreement modifying the RISC. Rather, Plaintiff claims that he made a reduced payment to modify the terms of the RISC. *See* ECF No. 1. Plaintiff's allegation of an oral modification of the RISC is unavailing. Because any such modification to the RISC must be in writing and signed by Capital One to be binding, Plaintiff's claims based on an invalid oral modification of the RISC must be dismissed. Indeed,

---

[2] While the RISC is not attached to the Complaint, Plaintiff incorporates the RISC into his pleading by referencing the loan with Capital One. ECF No. 1 ¶ 14. On that basis, this Court can review the RISC for purposes of evaluating the Motion to Dismiss. *See Heckman v. Town of Hempstead*, 568 F.App'x 41, 43 (2d Cir. 2014) (the Court is entitled to consider documents integral to the complaint and relied upon in it, and facts of which judicial notice may be taken pursuant to Fed. R. Evid. 201).

the RISC explicitly disclaims any oral modifications. Thus, Capital One had the present right to take possession of the Vehicle because the terms of the RISC were never validly modified.

Accordingly, Plaintiff's Complaint should be dismissed as to all parties to the extent it alleges Capital One lacked the present right to take possession of the Vehicle due to the RISC being modified. Absent the allegation of a written modification signed by the parties, there can be no valid modification of the RISC and Capital One had the right to take possession of the Vehicle based on Plaintiff's admitted default.

### B. Plaintiff's Claim For Breach of Peace Is Insufficiently Pled.

A breach of the peace is "a disturbance of public order by an act of violence, or by an act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community." *Gill v. Board of Nat'l Credit Union Admin. for Sikh Fed.*, 2018 WL 5045755, at *10 (E.D.N.Y. Oct. 16, 2018) (citing *People v. Most*, 171 N.Y. 423, 429 (1902)). The taking of a vehicle from a public location over the oral objection of the owner is not a breach of peace unless accompanied by factors evidencing a likelihood to cause violence or public distress. *Id*. at *10-11. Here, Plaintiff alleges only that DAR continued to repossess the Vehicle after he said he had an agreement with Capital One. ECF No. 1 ¶¶ 22-25. Plaintiff makes no allegations supporting any act by DAR likely to cause violence or public distress. At best, it appears DAR continued its repossession after Plaintiff's oral objection with no other interactions.

Accordingly, the Court should dismiss Plaintiff's Complaint to extent it is predicated on an alleged breach of peace as he fails to meet the requisite pleading standards to establish a breach of peace.

### III. Conclusion

For these reasons, Capital One respectfully requests that Plaintiff respond to this letter pursuant to Your Honor's Individual Practice Rules. Should Plaintiff not amend his Complaint, Capital One requests the Court schedule a pre-motion conference to discuss its anticipated motion to dismiss and set a briefing schedule. We thank the Court for its consideration of this request.

Respectfully Submitted,

*/s/ Blaec C. Croft*

Blaec C. Croft

BCC/
cc:     All Counsel of Record (via ECF)