**Ari H. Marcus, Esq.**
Licensed to Practice in NJ & NY
Ari@MarcusZelman.com

**Yitzchak Zelman, Esq.**
Licensed to Practice in NJ & NY
Yzelman@MarcusZelman.com

# MARCUS & ZELMAN, LLC
ATTORNEY & COUNSELLOR AT LAW
Tel: (732) 695-3282
Fax: (732) 298-6256
www.MarcusZelman.com

**NEW JERSEY OFFICE**:
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712

**NEW YORK OFFICE**:
1 Deer Run Road
Pomona, New York 10970

*All Correspondences to NJ Office*

April 20, 2022

Honorable District Judge Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

      **Re:  Garcia v. Dezba Asset Recovery, Inc. et al**
          **Civil Action No.:  7:22-cv-01736-KMK**

To the Honorable U.S. District Judge Karas:

  The undersigned represents the Plaintiff in this action brought pursuant to the Fair Debt Collection Practices Act and the NY General Business Law.  This Letter is respectfully submitted in response to the pre-Motion Letter filed by the Defendant, who seeks to file a Motion to Dismiss in this action.  In its Motion, Defendant claims that repossessing a vehicle over a debtor's protests is not enough to constitute a breach of the peace – even though the overwhelming majority of courts nationwide have held to the contrary.

  Defendant then creates a ridiculous straw man argument, by reframing Plaintiff's allegations just so it can then knock down this argument of its own making.  Essentially, the Plaintiff alleged in his Complaint that, after he fell behind on his car payments, he spoke with a representative of Capital One and explained that he had experienced a loss of income due to the pandemic.  At that time, the Capital One representative advised the Plaintiff that he qualified for a new loan program for the next six months, and that all he had to do was to make a good faith payment prior to January 16, 2022.  Plaintiff alleged that he made that payment in accordance with the representative's instructions, but his vehicle was repossessed shortly thereafter anyway.

  In trying to set up its argument for dismissal, Defendant reframes the Plaintiff's allegations by claiming that "***Plaintiff alleges that because the RISC was modified***, he was not in default and Capital One lacked a present right to take possession of the vehicle." *See,* Docket 11, at 1.  Again, those allegations are found nowhere in the Complaint, and are based on nothing other than the Defendant's own imagination.  Defendant's attempt to cite to and reference the RISC on its Motion to Dismiss is also unavailing, given that this RISC is nowhere referenced or mentioned in the Complaint either.  Each of these arguments are addressed in turn below.

    **A.  Plaintiff Sufficiently Pleads A Breach Of The Peace.**

  A secured creditor may repossess a vehicle under the UCC only if that self-help repossession can be completed without a breach of the peace.  In the Complaint, the Plaintiff alleges that the Defendant breached the peace when it continued with the repossession after the Plaintiff confronted the agent repossessing his vehicle and told him to stop taking the car because

he had an ongoing payment arrangement with Capital One. The Defendant claims that this is not enough, and that "the taking of a vehicle from a public location over the oral objection of the owner is not a breach of peace unless accompanied by factors evidencing a likelihood to cause violence or public distress." The Defendant's sole citation for this premise is Magistrate Judge Go's holding in *Gill v. Bd. of Nat'l Credit Union Admin. for Sikh Fed. Credit Union*, 2018 WL 5045755 (E.D.N.Y. Oct. 16, 2018) - a case that was hardly litigated by the *pro se* plaintiff in that action.

It is respectfully submitted that the Defendant – and the *Gill* holding – are wrong on the law[1]. *See e.g., Boles v. Cty. of Montgomery,* 2014 WL 582259, at *9 (N.D.N.Y. Feb. 13, 2014)("It is clear that a mere verbal objection to the removal of property constitutes a breach of the peace"), citing *Hensley v. Gassman,* 693 F.3d 681, 689–90 (6th Cir.2012) ("An objection, particularly when it is accompanied by physical obstruction, is the debtor's most powerful (and lawful) tool in fending off an improper repossession because it constitutes a breach of the peace requiring the creditor to abandon his efforts to repossess"); 4 James J. White & Robert S. Summers, Uniform Commercial Code § 34–8 at 447 (6th ed. 2010) ("The debtor's opposition, however slight and even if merely oral, normally makes any entry or seizure a breach of the peace.").

While *Boles* appears to be the only other New York case addressing this issue, the overwhelming majority of federal and state courts across the country have agreed with the *Boles* court that a breach of the peace occurs when a repossession continues over the repossessed party's objections. *See e.g., McLinn v. Thomas Cty. Sheriff's Dep't*, 535 F. Supp. 3d 1087, 1103 (D. Kan. 2021) ("the weight of state court authority holds that a repossession despite 'unequivocal oral protest of the defaulting debtor' constitutes a breach of the peace"); *Darren Trucking Co. v. Paccar Fin. Corp.*, 2019 WL 3945103, *2 (D. Md. Aug. 20, 2019)(same); *Duke v. Garcia*, 2014 WL 1318646, at *2 (D.N.M. Feb. 28, 2014)("a breach of the peace occurs when a debtor orally protests repossession"); *State v. Trackwell*, 458 N.W.2d 181, 185 (Neb.1990), citing *Dixon v. Ford Motor Credit Corp.*, 391 N.E.2d 493 (Ill.App.1979) ("When a creditor repossess in disregard of the debtor's unequivocal oral protest, the repossession may be found to be in breach of the peace"); *Clark v. Auto Recovery Bureau Conn., Inc.*, 889 F. Supp. 543, 546 (D. Conn. 1994)("By orally protesting the repossession, a debtor can undermine the creditor's right to repossess collateral"); *Fulton v. Anchor Sav. Bank, FSB*, 215 Ga. App. 456, 461 (Ga. Ct. App. 1994); *see also, Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 806-11 (Wis. Ct. App. 1993) (collecting cases holding that a creditor's repossession in disregard of a debtor's unequivocal oral protest constitutes breach of the peace); *First and Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) (because a breach of the peace also includes acts likely to induce violence, repossession in the face of the debtor's objection constitutes a breach of the peace); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f the repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *Morrison v. Galyon Motor Co.*, 64 S.W.2d 851, 853 (Tenn. Ct. App. 1932) (noting that had the creditor's agent attempted to take possession of the truck against the borrower's consent, the action would have provoked a breach of the peace); *Wilson v. Kuykendall*, 73 So. 344, 344 (Miss. 1917) (a party may not "take from the possession of the other party by force or against the will of the party in possession any property, even though he may have title thereto").

---

[1] The UCC "does not define or explain the conduct that will constitute a breach of the peace, leaving that matter for continuing development by the courts." N.Y. U.C.C. § 9-609 cmt. 3.

These holdings make sense, because they are in line with the anti-confrontational intent of the UCC's self-help provisions. As the *Hollibush* court concluded, "the underlying theory of the UCC cases is that a verbal objection to a repossession is the precursor to violence, and that it should not be necessary for a debtor to resort to violence to provide the breach of the peace necessary to defeat a self-help repossession." *Darren Trucking Co. v. Paccar Fin. Corp.*, 2019 WL 3945103, at *2 (D. Md. Aug. 20, 2019), quoting *Hollibush,* 179 Wis. 2d at 811. In the *Gill* decision, Magistrate Judge does not mention this weight of authority – despite it being the prevailing view of courts in this country – or any of these cases at all, likely because the *pro se* plaintiff simply failed to bring it to the Court's attention.

For the foregoing reasons, it is respectfully submitted that the Defendant's Motion to Dismiss cannot possibly be granted, where (1) Defendant's position is contrary to the prevailing view of courts across the country and (2) where Defendant bases its arguments on allegations and documents not actually found anywhere in the record in this action. For these reasons, the Plaintiff submits that the Defendant's Motion for a Pre-Motion Conference should be denied.

                Respectfully submitted,

                */s/ Yitzchak Zelman*
                Yitzchak Zelman, Esq.